IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAROL HERRING,

    Plaintiff,

v.

THE HONORABLE LESLIE GORBEY,

    Defendant.

CIVIL ACTION
NO. 17-278

MEMORANDUM

**SCHMEHL, J. /s/ JLS**                   **NOVEMBER 27, 2017**

  The Honorable Leslie Gorbey moves to dismiss Plaintiff Carol Herring's Complaint under Eleventh Amendment immunity and absolute judicial immunity. Ms. Herring *pro se* alleges 42 U.S.C. §§ 1981 and 1983[1] violations against Judge Gorbey, a judicial officer of Lancaster County Court of Common Pleas. Ms. Herring brings this suit against Judge Gorbey in her official and individual capacity. For the reasons stated below, this Court will grant Judge Gorbey's motion to dismiss with prejudice.

**A. STANDARD OF REVIEW**

  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility

---

[1] Ms. Herring also alleges Judge Gorbey violated her right to "free speech and association"; however, she does not allege facts giving rise to a claim under the First Amendment. Therefore, this Court will not address this claim.

standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

However, a document filed *pro se* must be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.     ALLEGED FACTS**

Judge Gorbey is a Judicial Officer of Lancaster County Court of Common Pleas. (ECF Docket No. 2, ¶1.) Carol Herring, an active and licensed member of the Bar in the Commonwealth of Pennsylvania, came before The Honorable Leslie Gorbey as she presided over Family Court dependency matters in the Lancaster County Court of Common Pleas. (ECF Docket No. 1, at 3.) While presiding over a dependency matter in Family Court with Ms. Herring, Judge Gorbey filed a complaint to the Pennsylvania Disciplinary Board based on Ms. Herring's ongoing conduct under Rule 2.15 of the Code of Professional Conduct. (ECF Docket No. 2, ¶10.) Prior to Judge Gorbey's complaint, Ms. Herring filed a "King's Bench Appeal" to the Pennsylvania Supreme Court (ECF Docket No. 1, at 4.) According to Ms. Herring, however, Ms. Herring's "King's Bench Appeal" and Judge Gorbey's complaint have yet to be decided after two years.

**C.     ANALYSIS**

Ms. Herring asserts federal law claims against Judge Gorbey in her official and individual capacity. Ms. Herring alleges Judge Gorbey retaliated against her and acted in bad faith by making false claims of misconduct to intimidate Ms. Herring into not filing a claim against Judge Gorbey, and prevent Ms. Herring from filing a King's Bench appeal to the Pennsylvania Supreme Court. Ms. Herring requests an investigation into Judge Gorbey's judicial decisions, specifically: the number of minority children removed from their families leading to the termination of parental rights, and all of Judge Gorbey's referrals to the Lancaster County Youth Center.

Judge Gorbey now moves for dismissal asserting: 1) she is entitled to immunity under the Eleventh Amendment; 2) she is entitled to absolute judicial immunity for acts taken in her

judicial capacity; and 3) Ms. Herring failed to state a claim under § 1981. Ms. Herring failed to respond directly to Judge Gorbey's arguments, and instead moved for multiple extensions citing "medical necessity." This Court provided Ms. Herring with several extensions but denied any further extensions in its June 8, 2017 Order. (ECF Docket No. 7.)

1. **Judge Gorbey's motion to dismiss is uncontested.**

Ms. Herring failed to respond to Judge Gorbey's April 27, 2017 motion to dismiss. (ECF Docket No. 2.) Failure to make a timely response allows the court to treat a motion as uncontested. *Move Organization v. City of Philadelphia*, 89 F.R.D. 521, 523 (E.D. Pa. 1981). There is no question that Ms. Herring actually received a copy of the motion to dismiss, as the certificate of service states that the motion was served and Ms. Herring has requested multiple extensions in response. (ECF Docket No. 3, 4, 6, and 8.) Ms. Herring's response, based on the Court's June 8, 2017 Order, was due in July of 2017; she has not yet responded.

The Court may grant uncontested or unopposed motions under Rule 7.1(c). This rule, governed by the Rules of Civil Procedure for the Eastern District of Pennsylvania, provides: "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing summary judgment motions]." *See also Celestial Community Development Corp., Inc., v. City of Philadelphia*, 901 F.Supp.2d 566, 578 (E.D. Pa. 2010) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); *Nelson v. DeVry, Inc.*, No. 07-4436, 2009 WL 1213640 (E.D. Pa. April 23, 2009) ("Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed.").

4

Although Ms. Herring is proceeding *pro se*, she is also a licensed attorney. Even so, Ms. Herring fails to timely respond to Defendant's motion (or respond at all). Ms. Herring has been an active licensed attorney in the Commonwealth of Pennsylvania since 1994, and certainly should be familiar with the legal system. Ms. Herring's failure to respond to Judge Gorbey's motion clearly endangers the success of her lawsuit. This Court could grant Judge Gorbey's motion to dismiss as unopposed. However, notwithstanding Ms. Herring's failure to respond, this Court will decide the motion on its merits and address the arguments below.

 2. **Judge Gorbey is immune from suit in her official-capacity under the Eleventh Amendment.**

Claims brought under § 1983 are subject to the Eleventh Amendment which precludes private federal litigation against states, state agencies, and state officials in their official capacities. Suits against state officials in their official capacity are treated as suits against the State. *Hafer v. Melo*, 502 U.S. 21,25- 26 (1991). The United States Supreme Court finds an official-capacity suit against a state officer "is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself." *Id.* at 26 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). As a result, when a state official is sued in their official-capacity, the "real party in interest" is the government entity of which the official is an agent.

The Court of Common Pleas – the governmental entity of which Judge Gorbey is an agent – is considered an instrumentality of the Commonwealth of Pennsylvania afforded immunity under the Eleventh Amendment. Our Circuit has stated: "All courts and agencies of the unified judicial system, including the Philadelphia Municipal Court, are part of 'Commonwealth government' and thus are state rather than local agencies." *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) (citing Pa. Const. art. V, § 6(c)). Because the

Eleventh Amendment precludes private federal litigation against states, immunity extends to the Pennsylvania court system for claims raised under § 1983.[2] *See Benn v First Judicial District*, 426 F.3d 233, 241 (3d Cir. 2005) (finding the Philadelphia Court of Common Pleas entitled to federal Eleventh Amendment immunity.)

While suits against officials in their official-capacity are suits against the State and protected by immunity, it is a well-settled that judges are generally immune from suit for money damages. *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (declining to distinguish between judges of limited jurisdiction and those of general jurisdiction for purposes of judicial immunity). However, this judicial immunity is limited as follows: 1) no immunity for nonjudicial acts – actions taken outside the judge's judicial capacity; and 2) no immunity from judicial actions taken "in the complete absence of all jurisdiction." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam)).

Judge Gorbey, while presiding over dependency matters in Family Court, "witnessed Plaintiff's conduct on an ongoing basis" and decided Ms. Herring's conduct warranted referral to the Board under Rule 2.15 of the Code of Professional Conduct. (ECF Docket No. 2, ¶ 9-10.) Rule 2.15 permits judges to take appropriate action if they have knowledge or receive information indicating a substantial likelihood that a lawyer "has committed a violation of the Rules of Professional Conduct" or has committed a violation which raises a "substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." ABA Model Rules of Professional Conduct, Rule 2.15(A), (B). Judge Gorbey relied on her authority

---

[2] Eleventh Amendment immunity is subject to three basic exceptions: "(1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment; (2) a state may waive its sovereign immunity by consenting to suit; or (3) under *Ex parte Young*, a state official may be sued in his or her official capacity for prospective injunctive relief. *Hollihan v. Pennsylvania Department of Corrections*, 159 F.Supp.3d 502, 510 (M.D. Pa. 2016) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-70 (1997). None of the three exceptions apply here. Pennsylvania has not waived its immunity and statutory law provides the Commonwealth with immunity from suit. 1 Pa. C.S. § 2310; *see also* 42 Pa. C.S. § 8521(b).

under Rule 2.15 when she filed the complaint against Ms. Herring. Thus, Judge Gorbey's actions were within her judicial capacity and within her jurisdiction.

Accordingly, Judge Gorbey is entitled to immunity from suit under the Eleventh Amendment in her official-capacity for referring Ms. Herring to the Pennsylvania Disciplinary Board.

### 3. Judge Gorbey is immune from suit in her individual-capacity under the doctrine of absolute judicial immunity.

It is well settled that judges, in exercise of their judicial functions, are entitled to absolute immunity. *Butz v. Economou*, 438 U.S. 478, 508 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Absolute immunity extends to all acts taken in their judicial capacity, including suits under § 1983. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Therefore, a judge individually is absolutely immune from suit as long as: 1) the judge has jurisdiction over the subject matter before him; and 2) the judge is performing a "judicial act." *Id.*

First, judicial immunity depends "whether at the time [they] took the challenged action [they] had jurisdiction over the subject matter before [them]." *Id.* In analyzing immunity, the scope of the judge's jurisdiction must be construed broadly; therefore, clear errors, malice, or excess of authority will not suffice to preclude judicial immunity. A judge will be subject to liability only when there is a clear absence of jurisdiction.[3]

Second, whether a judge performs a "judicial act" depends on two factors: 1) whether the act is a function normally performed by a judge; and 2) whether the parties dealt with the judge in the judge's official capacity. *Stump*, 435 U.S. at 362; *see also Rush v. Wiseman*, 2010 WL

---

[3] "In *Bradley*, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump*, 435 U.S. at 357 n.7 (citing *Bradley v. Fisher*, 80 U.S. at 352)).

1705299, at *8 (E.D. Pa. Apr. 27, 2010). Moreover, a "[l]ack of formality" does not convert a judicial act into a non-judicial one. *Id.* at 360 (rejecting plaintiff's argument that approval of sterilization petition was not a judicial act because the petition was not given a docket number, was not placed on file with the clerk's office, and was approved in an *ex parte* proceeding without notice or a hearing).

As discussed above, Judge Gorbey had jurisdiction over the subject matter underlying Ms. Herring's complaint and performed a "judicial act" by filing a complaint with the Disciplinary Board. Judge Gorbey clearly had jurisdiction to preside over Ms. Herring's state court action, as she is a Judge in the Court of Common Pleas of Lancaster County presiding over dependency matters. Furthermore, Judge Gorbey performed a judicial act when she: 1) reported Ms. Herring to the Pennsylvania Disciplinary Board under Rule 2.15 while presiding over dependency matters; and 2) the act was to the expectation of the party as Ms. Herring dealt with Judge Gorbey in her judicial capacity.

The Comment section under Rule 2.15 provides, "[t]aking action to address known misconduct is a judge's obligation." ABA Model Rules of Professional Conduct, Comment [1] on Rule 2.15. Moreover, Comment 2 specifies that appropriate action may include "communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body." *Id.* at Comment [2]. Clearly, Judge Gorbey acted within her judicial capacity by reporting Ms. Herring to the Disciplinary Board.

Given Judge Gorbey's actions were within her jurisdiction and were "judicial acts," Judge Gorbey is entitled to absolute judicial immunity from suit in her individual-capacity for referring Ms. Herring to the Pennsylvania Disciplinary Board.

### 4. Ms. Herring fails to state a claim under Section 1981.

Section 1981 prohibits racial discrimination "in the making and enforcement of contracts and property transactions." 42 U.S.C. § 1981(a). By enacting § 1981, Congress intended to enact "sweeping legislation implementing the thirteenth amendment to abolish all the remaining badges and vestiges of the slavery system." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citing *Mahone v. Waddle*, 564 F.2d 1018, 1030 (3d Cir. 1977)). In order to state a claim under § 1981, the plaintiff must allege: "(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one of more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . ." *Id.* (citing *Yelverton v. Lehman*, No. Civ. A. 94–6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd. mem.*, 175 F.3d 1012 (3d Cir.1999)).

Ms. Herring fails to state a claim alleging racial discrimination in the "making and enforcement of contracts and property transactions." Ms. Herring also fails to plead any of the above requirements under § 1981. Ms. Herring does not allege she is a member of a racial minority; she does not allege intentional discrimination on the basis of race; and, she does not allege discrimination concerning activities enumerated in the statute. Ms. Herring argues Judge Gorbey filed a disciplinary complaint in bad faith to intimidate her from filing a King's Bench appeal. (ECF Docket No. 1, at 3-4.) Thus, Ms. Herring fails to state a claim under § 1981.

Although Ms. Herring's prayer for relief appears to allege discriminatory behavior by Judge Gorbey, Ms. Herring still lacks first and/or third-party standing. Clearly, Ms. Herring lacks first-party standing as she does not allege an actual or imminent particularized injury regarding racial discrimination. However, third-party standing requires: 1) the litigant suffer an injury in fact which gives them sufficient concrete interest in the outcome; 2) a close relationship

to the third party; and 3) "some hindrance to the third party's ability to protect his own interest." *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 189 (3d Cir. 2006).

Here, Ms. Herring requests an investigation into Judge Gorbey's judicial decisions; particularly, Ms. Herring requests an investigation into the number of African-American and minority children removed from their families terminating parental rights, and all of Judge Gorbey's referrals to the Lancaster County Youth Center. (ECF Docket No. 1, at 4.) Ms. Herring, however, fails to allege third-party standing. Specifically, Ms. Herring does not allege a sufficient relationship between her and a third party, nor does she allege some "hindrance to the third party's ability to protect its own interest."

Accordingly, Ms. Herring fails to state a claim under § 1981 given her lack of first and/or third party standing and failure to state a claim upon which relief may be granted.

### D. CONCLUSION

In the accompanying Order, this Court grants Judge Gorbey's Motion to dismiss Ms. Herring's Complaint with prejudice. Ms. Herring's § 1983 official-capacity claim is barred by both Eleventh Amendment immunity in her official-capacity and absolute judicial immunity in her individual capacity. Ms. Herring also fails to state a claim under § 1981.